**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **KENT NG and SOPHIA NG,** )<br>　　Plaintiffs ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 13-11317-TSH** |
| **PRUDENTIAL INSURANCY COMPANY OF** )<br>**AMERICA,** )<br>　　Defendant, Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| **CYNTHIA NG,** )<br>　　Third Party-Defendant. ) | |

**ORDER STAYING PROCEEDINGS**
**August 12, 2014**

**HILLMAN, D.J.**

## Background

Plaintiffs, Kent Ng and Sophia Ng ("Plaintiffs") have filed a First Amended Complaint against Defendant, Prudential Insurance Company of America ("Prudential"), alleging that as the rightful beneficiaries of the life insurance policy issued to their father Kin Fai Ng ("Kin"), who died in 2010, they are due the death benefits under the policy. They assert claims for declaratory relief (Count I), breach of contract (Count II) and breach of fiduciary duty (Count III).

After Kin's death, Prudential determined that Cynthia Ng ("Cynthia"), the Plaintiff's mother and Kin's widow, was the properly designated beneficiary under Kin's life insurance

policy. Prudential unsuccessfully tried to contact Cynthia to pay her the proceeds. On September 10, 2010, Prudential deposited the full amount of Kin's death benefits into an interest bearing account in Cynthia's name; Cynthia is the only person who can withdraw funds from that account.

Prudential has filed a Third-Party Complaint against Cynthia seeking reimbursement of Kin's death benefits should it be determined that Plaintiffs are the rightful beneficiaries of Kin's life insurance policy. Cynthia has failed to answer Prudential's Third-Party Complaint and on February 27, 2013, Prudential filed a Motion For Entry Of Default (Docket No. 36). On June 19, 2014, the Court granted that motion. On July 18, 2014, Prudential filed a Motion For Default Judgment Against Cynthia Ng Pursuant To Fed.R.Civ.P. 55(b)(1)(Docket No. 56). That motion remains pending. Recently, it has come to the Court's attention that Cynthia may not be competent to respond to the Third-Party Complaint and that there are presently proceedings pending in the State of New York to appoint a guardian ad litem for purposes of ensuring that her interests are protected regarding this matter.

Prudential and the Plaintiffs have filed cross-motions for summary judgment. Those motions remain pending. I find that resolution of these motions may necessarily impact Cynthia and therefore, that it is preferable that she file an appearance in this case, either directly or indirectly through a guardian ad litem. Accordingly, I am going to stay proceedings in this case to permit time for the guardianship proceedings to be concluded in the State of New York. Upon conclusion of those proceedings, I will grant a short additional period of time for Cynthia, personally or through a guardian ad litem, to file an answer or other responsive pleading to Prudential's Third-Party Complaint and, if deemed necessary, to respond to the motions presently pending before the Court.

## Conclusion

In light of pending proceedings to appoint a guardian ad litem for the Third-Party Plaintiff, Cynthia Ng, this matter will be stayed for all purposes until further notice from the Court. A status conference shall be set for early October 2014 at which time the Court and the parties will address the status of matters as they relate to Cynthia Ng and to set a time-table for lifting the stay and addressing outstanding motions and discovery.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE