UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**KENT NG and SOPHIA NG,**                  )
       **Plaintiffs,**  )
                                            )
       v.                )    CIVIL ACTION
                                            )    NO. 13-11317-TSH
**PRUDENTIAL INSURANCE COMPANY OF**         )
**AMERICA,**                                )
       **Defendant/Third-Party Plaintiff,**  )
                                            )
       v.                )
                                            )
**CYNTHIA NG,**                             )
       **Third-Party Defendant.**  )
                                            )
_____)


**MEMORANDUM OF DECISION AND ORDER**
February 3, 2016

**HILLMAN, D.J.**

**Background**

Kent Ng and Sophia Ng ("Kent and Sophia" or "Plaintiffs") have filed an action against Prudential Insurance Company of America ("Prudential") seeking a declaratory judgment that as the result of a life insurance designation beneficiary form executed by their later father, Kin Fai Ng ("Kin"), on December 24, 2009, they are the rightful beneficiaries under a group life insurance policy issued to Kin's employer, Xerox Corporation ("Xerox") pursuant to the Xerox Corporation Salaried Plan (G-9790)(the "Plan"). The Plan is a regulated employee benefit welfare plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

("ERISA").  Plaintiffs have also asserted claims against Prudential for breach of contract and breach of fiduciary duty.

Prudential has filed a third-party complaint against Cynthia Ng ("Cynthia"), who was married to Kin at the time of his death on January 10, 2010 and who was originally named Kin's beneficiary under the Plan.  Prudential has determined that Cynthia is Kin's proper beneficiary under the Plan and has deposited the full amount of the death benefit into an interest bearing account in her name; Cynthia is the only one with the legal right to draw funds from that account.  By its third-party complaint against Cynthia, Prudential seeks appropriate equitable relief from her pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), *i.e.*, reimbursement, should it be determined that that Plaintiffs are the proper beneficiaries under the Plan.

This Memorandum of Decision and Order addresses the following motions: (1) Third-Party Defendant Cynthia Ng's Motion To Dismiss Third-Party Plaintiff The Prudential Insurance Company of America's Third-Party Complaint (Docket No. 85), and (2) The Prudential Insurance Company Of America's Motion To Transfer Venue (Docket No. 90).  For the reasons state below, Cynthia's motion to dismiss for lack of jurisdiction is *denied*. Accordingly, Prudential's motion to transfer venue is *denied*, as moot.

## Discussion

*Facts Related To Personal Jurisdiction Finding*

On February 5, 1992, Kin designated his wife, Cynthia, as his beneficiary under the Plan. On the beneficiary designation form, he listed her address as Floral Park, New York.  On December 24, 2009, Kin filled out the first page *only* of a Life Insurance Beneficiary Designation Form listing Sophia and Ken as his beneficiaries; they were each designated to receive a 50% share. Kin initialed the form. The beneficiary designation form is three pages,

with the last page being a signature page. On the front of the form, it states:

"***IMPORTANT*** COMPLETE BOTH SIDES OF THIS FORM AND THEN SIGN THE BACK. … Incomplete information will delay the acceptance of your beneficiary designation." On December 24, 2009, Prudential received this completed first page of the form; Prudential did not receive any of the remaining pages, including the signature page. Prudential determined that Kin did not effectively changes his beneficiary and upon his death ultimately determined that Cynthia was entitled to the death benefit. Prudential's attempts to locate Cynthia were unavailing and in September 2010, it deposited the full amount of the death benefit into an interest bearing account in her name.

Cynthia has lived in New York her entire life. At the time of Kin's death in January 2010, she was living with him on Long Island, New York. From 2010 through 2013, Cynthia, who suffers from mental health issues, lived in several different psychiatric facilities in New York. There was a time when her location was unknown to family and friends. She was ultimately located and hospitalized at a psychiatric hospital in Brentwood, New York. From there she was moved to an outpatient facility for several months until March 11, 2013, when she was placed in the mental health group home where she currently resides.[1]

*Personal Jurisdiction over Third-Party Defendant*

Cynthia seeks dismissal of Prudential's third-party complaint on the grounds that this Court lacks personal jurisdiction over her. In support of her position, Cynthia argues that under both Massachusetts law and the Due Process Clause of the Fifth Amendment, she lacks the quality and quantity of minimum contacts with Massachusetts for this Court to exercise personal jurisdiction over her. However, Prudential's third-party complaint against Cynthia is for

---

[1] A temporary guardian has been appointed for Cynthia to protect her interests in regard to this matter.

3

equitable relief pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).  In federal question cases, such as the instant case, the Court does not apply the long arm statue of the state in which it sits, nor does it analyze personal jurisdiction based on the defendant's "minimum contacts" with the forum state.  Rather, Fed.R.Civ.P. 4(k) provides that effective service *establishes* personal jurisdiction "when authorized by a federal statute." If nationwide service is authorized under the applicable statute, then the Court must analyze whether exercise of jurisdiction over the individual comports with the Due Process Clause. However, where nationwide services is authorized, the Due Process Clause requires "only that the defendant have the requisite 'minimum contacts' with the United States, rather than with the particular forum state." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992); *Nahigian v. Leonard*, 233 F. Supp. 2d 151, 158 (D.Mass. 2002)(In a federal question case, the constitution requires only that defendants have minimum contacts with the United States).

The ERISA statutory scheme provides for nationwide service of process. *See* ERISA § 502(e)(2), 29 U.S.C. 1132(e)(2).  Cynthia does not argue that she was not properly served under Rule 4 and therefore, the Court will assume that service was effective.  That services was proper does not end the Court's inquiry, the Constitution also requires that Cynthia have the requisite "minimum contacts" with the United States.  Cynthia is a resident of the United States and was served within the sovereign territory of the United States and, therefore, sufficient contacts exist to satisfy the minimum contacts requirement.  *See University of Massachsuetts Med. Center v. C&M Corp.,* 16 F.Supp. 2d 110 (D.Mass. 1998)(sufficient contacts exists over defendant when defendant is properly served in accordance with statute or rule(citing *United Elec.*, 960 F.2d at 1085-86)); *Flynn v. R.D. Masonry, Inc.*, 736 F. Supp. 2d 54, 59 (D.D.C. 2010)(service of

summons establishes personal jurisdiction over defendant when such service is authorized by federal statute; Section 502(e)(2) of ERISA authorizes nationwide service of process on defendants in an ERISA action and therefore, court has personal jurisdiction over defendants irrespective of whether those defendants have conducted business forum state. Additionally, when personal jurisdiction is asserted pursuant to federal statute, court employs nationwide "minimum contacts" test).

Admittedly, there is an element of unfairness where an individual who has no contacts with the forum state relating to the lawsuit or otherwise can be "subjected to the jurisdiction of a remote court in the United States." *Univ. of Massachusetts Med. Ctr.*, 16 F.Supp.2d at 112 (discussing anomalous consequences of interpreting defendants' right of due process as coextensive with Congress's statutory provision for servicer of process). This is particularly true here where the individual is confined to a group home, requires constant supervision, and attendants, and is unable to make her own decisions. However, this is the outcome mandated by Congress and supported by circuit precedent. I will note that given the nature of Prudential's claim against Cynthia and the nature of the case as a whole, I am confident that that it can be resolved with little or no disruption to her. More specifically, the Court does not expect that Cynthia would have to travel from New York to Massachusetts either for pre-trial discovery, or to attend a trial, should it prove necessary (summary judgment decisions are currently pending). [2]

---

[2] Cynthia has not sought a change of venue to New York *See* 28 U.S.C. § 1404(a)("[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought"). In fact, Cynthia opposed Prudential's motion to transfer the matter to the Eastern District of New York had the Court allowed her motion to dismiss for lack of jurisdiction.

For the foregoing reasons, this Court has jurisdiction over Cynthia and her motion to dismiss for lack of personal jurisdiction is denied. Accordingly, Prudential's motion to transfer venue is *denied* as moot.

## Conclusion

It Is Hereby Ordered That:

1. Third-Party Defendant's Motion to Dismiss Third-Party Plaintiff The Prudential Insurance Company of America's Third-Party Complaint (Docket No. 85) is ***denied***; and

2. Third-Party Plaintiff's Motion to Transfer Venue (Docket No. 90) is ***denied***, as moot.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**